IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JULIA A. SAMUELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.  14-2507-JAR |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees under EAJA (Doc. 24).  The matter has been fully briefed by the parties.  Because the Court concludes that Defendant Commissioner's position was not substantially justified at the administrative stage or in this litigation, the Court grants the motion and awards attorneys fees of $6000.

I.      Background

In denying Plaintiff Julia A. Samuels' application for disability benefits, the administrative law judge ("ALJ") concluded that Samuels retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels, with certain nonexertional limitations, including being able to understand, remember and carry out only simple instructions and routine tasks.

On appeal, this Court found that the ALJ erred at Step 5, by improperly relying on the Vocational Expert's ("VE") testimony that Samuels could perform three jobs that exist in the national economy in significant numbers.  While there was no error in the VE's opinion that Samuels could perform the job of bottling line attendant, the VE erred in opining that Samuels could perform the jobs of groundskeeper and small products assembler.  These two jobs require

Level 2 reasoning, which includes the ability to carry out detailed instructions.  This conflicted

with the ALJ's RFC determination that Samuels could only carry out simple instructions, and

conflicted with the ALJ's hypothetical question to the VE, which incorporated the ALJ's RFC

determination.  The Court rejected Defendant's argument that the ALJ appropriately asked the

VE if her opinion was consistent with those job requirements pursuant to the Dictionary of

Occupational Titles ("DOT"), and that it was Plaintiff's responsibility to cross examine the VE

to determine if there were any inconsistencies between the RFC and the nonexertional

requirements under the DOT.  The Court concluded that given that it is Defendant's burden of

proof at Step 5 of the sequential analysis, it was the ALJ's responsibility to examine the VE

about perceived inconsistencies and to provide any explanation for the VE's testimony in light of

those inconsistencies.  For it is the duty of the ALJ, not the claimant, to determine if there are

any inconsistencies with the DOT and if so, whether the VE's testimony is nonetheless

supported by substantial evidence.[1]

    The Court thus reversed and remanded this case to Defendant for a proper Step 5

evaluation.  Defendant did not ask the Court to reconsider its ruling; and Defendant did not

appeal.  But, Defendant objects to Plaintiff's motion for attorney fees,[2] arguing that its position,

though unsuccessful, was substantially justified.

## II.    EAJA Standards

    Under the Equal Access to Justice Act ("EAJA"),[4] a court shall award to a prevailing

---

[1] *See Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999).

[2] Defendant does not object to the amount of attorneys fees requested by Plaintiff, $6000.

[4] 28 U.S.C. § 2412.

party, other than the United States, fees and other expenses that party has incurred in any civil action brought by or against the United States, unless the position of the United States was substantially justified, or unless special circumstances make such an award unjust.[5]  A position is substantially justified if it has a  reasonable basis both in law and in fact, or in other words, "'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person."[6]  And generally, where the Commissioner's underlying action at the agency level was unreasonable, EAJA fees should be awarded even if the government advanced a reasonable position in the litigation before the district court, unless the government's reasonable litigation position cures unreasonable agency action.[7]  The government has the burden to prove that its position was substantially justified.[8]

Further, the Tenth Circuit has held that the reasonableness test breaks down into three parts: the government must show "that there is a reasonable basis . . . for the facts alleged; . . . that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced."[9]

And, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."[10]  The government's position may be substantially

---

[5]*Id.*; *Pierce v. Underwood*, 487 U.S. 552, 559 (1988).

[6]*Pierce*, 487 U.S. at 564–65 (quoting Webster's New Int'l Dictionary 2514 (2d ed. 1945)).

[7]*Hackett v. Barnhart*, 475 F.3d 1166, 1173–74 (10th Cir. 2007).

[8]*Id.* at 1172 (citing *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)).

[9]*United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984).

[10]28 U.S.C. § 2412(d)(1)(B).

justified even though it is incorrect.[11]

Finally, a harmless error analysis may be appropriate in Social Security cases "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter any other way."[12]

## III.    Discussion

Defendant agues that it's position at the administrative stage, as well as its litigating position, was substantially justified.  Defendant argues that at the administrative stage, the ALJ's decision was reasonable in law and fact because the ALJ properly inquired of the VE about inconsistencies between the VE's opinion and the DOT job descriptions, and because the ALJ properly relied upon the VE's opinion.  Defendant further argues that to the extent the ALJ improperly relied upon the VE's opinion about two of the three jobs Plaintiff can purportedly perform, the ALJ's error was harmless and Defendant therefore had a reasonable basis in law and fact in this litigation, in arguing that this was harmless error.

First, Defendant argues that the ALJ properly relied upon the VE's opinion, because the ALJ did ask the VE, "Has your testimony been consistent with the DOT and the [*Selected Characteristics of Occupations*], or is it different?"; and the VE responded that "[i]t is consistent to the best of my ability."  But, as this Court found, the testimony was inconsistent, and the ALJ had a duty to further cross examine the VE about this identified inconsistency, and what explanation the VE had, if any, for it.  By failing to identify the inconsistency and to examine the VE to determine whether there was a conflict between the VE's testimony and the job's

---

[11]*Hackett v. Barnhart*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566 n.2).

[12]*Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

requirements other than this cursory examination, the ALJ failed to perform his duty under SSR 00-4p.[13]

Moreover, Defendant has failed to show, as it must, that based on the material the ALJ considered, "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter any other way.[14] For a reasonable factfinder might just as easily have recognized that two of the jobs the VE opined about required the ability to process detailed instructions. Courts have repeatedly rejected the harmless error doctrine in cases involving conflicts between the RFC and the requirements of jobs proposed by VEs.[15] For example, in *Hackett v. Barnhart*, the Tenth Circuit remanded "to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE."[16] The court ordered payment of EAJA fees, rejecting the argument that the potential inconsistency between the RFC's hypothetical and the job's requirements as defined by the DOT was not harmless error.[17] Defendant's litigation position that the ALJ's error was harmless is therefore not substantially justified.

Defendant raises another harmless error argument, that because one of the three jobs matched the RFC, and because that job, bottling line attendant, existed in significant numbers in

---

[13]2000 WL 1898704 (Dec. 4, 2000).

[14]*Hackett*, 475 F.3d at 1170.

[15]*See, e.g.*, *Poppa v. Astrue*, 569 F.3d 1157, 1174 (10th Cir. 2009) (error in not inquiring into potential conflicts harmless where there were no conflicts between DOT job description and VE testimony); *Ferrier v. Colvin*, 83 F. Supp. 3d 1168, 1176 (D. Colo. 2015); *Roman v.Colvin*, No. 13-cv-03215-RBJ, 2016 WL 3078732, at *4 (D. Colo. May 23, 2016); *Butler v. Colvin*, No. Civ-14-254-SPS, 2016 WL 4028396, at *1 (E.D. Okla. July 27, 2016); *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (harmless error did not apply to an apparent conflict between the RFC's limitation to simple, routine, or repetitive work and the job's required level three reasoning)

[16]*Hackett*, 475 F.3d at 1172 (quoting *Hackett I*, 395 F.3d 1168, 1176 (10th Cir. 2005)).

[17]*Id.* at 1175.

the national economy,[18] the ALJ's error was harmless.  To be sure, the regulations state that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant is] able to meet with [her] physical or mental abilities and vocational qualifications."[19]  But given that this Court found the VE's testimony was inconsistent, the ALJ was not substantially justified in relying on it at step 5.  Similarly, in *Ferrier v. Colvin*, the District of Colorado concluded that two of the three jobs proposed by the VE were potentially inconsistent with the hypothetical and refused to apply the harmless error doctrine, stating that even if the remaining "job clearly coincided with all the limitations of plaintiff's residual functional capacity as assessed by the ALJ, I would decline the Commissioner's invitation to determine in the first instance that this job exists in significant numbers in the national and local economies."[20]

Defendant further argues that it's litigating position on this issue was substantially justified, pointing to the Tenth Circuit's recent decision in *Evans v. Colvin.*[21]  There the court considered whether it is harmless error when some but not all of the jobs identified by the ALJ have requirements that exceed the claimant's RFC.[22]  The court concluded that conflicting authority on this point rendered Defendant's position substantially justified.[23]  But, as Plaintiff argues, this is not a case where Defendant took that singular litigating position.  Rather, here,

---

[18]The VE testified that there are 1,877 such jobs in Kansas, and 178,286 in the national economy.  R. at 51.  This amount of jobs in the national economy is "significant."  *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

[19]20 C.F.R. § 416.966(b).

[20]*Hackett*, 475 F.3d at 1176; *see also Scheibeler v. Astrue*, No. 08-cv-01643-WYD, 2009 WL 3077310, at *3 (D. Colo. Sept. 21, 2009).

[21]640 F. App'x 731 (10th Cir.  2016).

[22]*Id.* at 736.

[23]*Id.* at 736–37.

Defendant took the position that the ALJ's questioning of the VE was sufficient, when it was not.

Defendant took still another litigating position— that Plaintiff's RFC did not necessarily preclude a finding that she could perform Level 2 reasoning, as two of the jobs required. Defendant has failed to show that this position is substantially justified in light of the clear inconsistency between Plaintiff's RFC and the DOT requirements for the groundskeeper and small products assembler jobs.  Plaintiff's RFC limited her to dealing with simple instructions; two of the three jobs identified by the ALJ required Level 2 reasoning, which requires the ability to deal with detailed instructions.  Moreover, Defendant was not substantially justified in taking this litigating position, for it was the first time that Defendant argued that Plaintiff's RFC did not preclude Level 2 reasoning.  The ALJ made no such finding, and Defendant points to no factual basis for such an argument in this litigation.

## IV.    Conclusion

In short, Defendant's position was not substantially justified at Step five. In addition to defending a position contrary to SSR 00-4p, Defendant advanced arguments not found in the ALJ's decision. Defendant did not demonstrate that denial was the only possible way to resolve the dispute. Nor did Defendant supply a thorough analysis as to why remand would inevitably produce the same outcome. Given the various positions adopted by the Defendant, the harmless error doctrine invoked in *Evans* is inapplicable here.  For these reasons, the Court grants the motion to award EAJA fees in the amount of $6000, which the Court finds reasonable.  In accordance with *Astrue v. Ratliff*,[24] the EAJA fee is payable to the Plaintiff as the litigant and

---

[24]560 U.S. 586 (2010).

may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that pursuant to 28 U.S.C. § 2412, Plaintiff is granted attorney fees under the EAJA in the amount of $6000. The check for attorney fees should be made payable to Plaintiff and mailed to the address of Plaintiff's attorney.

**IT IS SO ORDERED**.

Dated: September 6, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE